## Doe *v.* Daniels and Others, Executors.

Appeal-Bond—Pleading.—Suit on an appeal-bond against the executors of one of the sureties. The appeal had been taken by a defendant from a judgment against him in ejectment; and the bond was conditioned for the prosecution of the appeal with effect, and the payment

Doe *v.* Daniels and Others, Executors.

of the condemnation money and costs should the judgment be against the appellant. Breach, that the appellant did not prosecute the appeal with effect, and that the judgment was affirmed. *Held,* that the plaintiff could not, in this suit, recover the *mesne profits. Held,* also, that the breach assigned was sufficient.

APPEAL from the *Allen* Circuit Court.

SULLIVAN, J.—The plaintiff brought an action of debt against the defendants as the executors of the last will and testament of *James Daniels,*deceased, on a bond entered into by the testator and others for the due prosecution of an appeal from a judgment of the *Allen* Circuit Court to this Court. The condition of the bond as shown on *oyer,* after reciting that one *Samuel Harris* had appealed to the Supreme Court from a judgment of the *Allen* Circuit Court rendered against him in an action of ejectment, was as follows : "Should the said *Harris* well and truly prosecute his said appeal with effect, and pay and satisfy the condemnation money and costs that are now and that may be adjudged against him in said cause in case judgment be rendered against him on said appeal, then this obligation to be void," &c. The breach assigned is, that *Harris* did not prosecute his suit with effect, but on the contrary, the judgment of the Circuit Court was affirmed by the Supreme Court.

The plaintiff avers in his declaration that the judgment of the Circuit Court in the action of ejectment was for the unexpired term of the plaintiff, but he does not show what amount of damages, if any, was recovered by him. He further avers that the yearly rents of the premises, the possession of which he recovered, were of the value of [*9] *$200 ; that by said appeal he was prevented from taking possession thereof, and was kept out of possession for the period of two years, &c.

General demurrer to the declaration and judgment for the defendants.

It is not necessary to decide at present whether a bond given to a fictitious person can be enforced by suit. That question does not arise in this case. There is no plea

questioning the reality of the plaintiff, and the Court can not know whether he be a real or fictitious person.

The avowed object of this suit is to recover from the defendants, who are the executors of one of the sureties in the bond, the *mesne profits* of the land from the date of the judgment in the Circuit Court in *April*, 1826, until *May*, 1828, at which time the judgment of this Court was entered upon the records of the Circuit Court. And it is submitted to this Court to decide, whether the plaintiff can recover the *mesne profits* upon an obligation to pay the condemnation money and costs that should be adjudged against the appellant on failure to prosecute his appeal with effect.

By "the condemnation money" is meant the damages that should be awarded against the appellant, by the judgment of the Court. It does not embrace damages not included in the judgment. The damages actually sustained by a plaintiff in ejectment by the detention of the property, are usually recovered in an action of trespass for *mesne profits*, when, by the judgment of the Court, the plaintiff becomes entitled to the possession.

The plaintiff in this Court, to support the claim set up by him, refers to the practice in *England*, by which, if a writ of error be brought on a judgment in ejectment after verdict, and the judgment be affirmed, the plaintiff in error and his sureties are liable for *mesne profits*. That remedy, however, is given by statutes 16 and 17, Car. 2, chap. 8. By those statutes, the plaintiff in error is required to enter into recognizance with sufficient sureties, to pay to the plaintiff in ejectment such costs and damages as may be awarded to him on judgment being affirmed; and in case of affirmance, the Court is authorized to award a writ to inquire as well of *mesne profits*, as of waste committed after the first judgment. Those statutes are not in force in [*10] this State; and if *they were, they would not avail the plaintiff in the present case, because the defendants would not be chargeable with the *mesne profits* unless their amount had been ascertained by a writ of in-

quiry, and included in the judgment of the Court *Doe* v. *Reynolds*, 1 M. & S., 247. The defendants, therefore, are not liable in the present action for the *mesne profits* of the land.

Notwithstanding the plaintiff can not recover all he sues for, his declaration shows a good cause of action. The breach, that the appellant (*Harris*) did not prosecute his appeal with effect, is well assigned. To prosecute with effect means, as this Court has repeatedly decided, to prosecute to a successful termination.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer set aside, with costs. Cause remanded, &c.

*H. Cooper*, for the plaintiff.

*E. H. Colerick* and *T. Johnson*, for the defendants.