THOMAS W. BROWN *v.* WALTER TROUP.

1. CHANCERY.—Where a bill is filed to enforce a judgment at law, and the judgment, pending the controversy, is reversed, there can be no decree for the complainant.

2. SAME : PRACTICE.—Where a defendant's answer is made a cross bill, the complainant cannot make his answer a cross bill, but any new matter must be introduced by an amended or supplemental bill.

3. SAME : APPEAL.—An appeal in chancery will lie in all cases where a demurrer is overruled. ·

*Thomas Christian,* for appellant.

*George L. Potter,* on same side.

*Harrison* and *Crusoe,* for appellee.

The facts of the case appear in the opinion of the court.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Vice-chancery Court at Macon.

The complainant below filed his bill in said court for the purpose of enjoining the defendant, Thomas W. Brown, from proceeding to sell certain property under a deed of trust executed by the complainant, to secure the payment of a debt by him owing to one John Ezell, on the ground that Brown was indebted in a large sum to one William Ezell, and that he was indebted in a sum greatly exceeding the amount due upon the note secured by the deed of trust to the complainant. The bill alleges that the balance due upon the note held by Brown was about $1300, and that the complainant had recovered a judgment against William Ezell, to whom Brown was alleged to be indebted several thousand dollars, for about the sum of $8800 ; that an execution had been issued upon this judgment, and had been regularly returned *nulla bona.* Brown and William Ezell answered the bill, admitting the recovery of the judgment, and the issuing and return of an execution, as alleged. Testimony was taken, the cause set down for hearing, and an interlocutory decree, ordering an account as between Brown and William Ezell to be taken, and the amount thus found due by Brown to be applied to the payment of the note secured by the deed of trust. The cause having progressed to this point, Brown filed his cross bill, which is styled a "*supplemental cross bill in the nature of a bill of review,*" setting forth that, pending the original

bill, a writ of error had been prosecuted to the judgment recovered by the complainant against the said William Ezell, to the High Court of Errors and Appeals, and that said judgment had been reversed; whence, it was insisted that the said complainant could not proceed further with his said bill. The complainant filed his answer to this cross bill, admitting the reversal of said judgment, but setting up the recovery of another judgment in the same cause for about the sum of $8000; and that Brown and Ezell had, by a fraudulent combination, procured the reversal of the first-named judgment. At the conclusion of the answer, the complainant prays that it may be taken as a cross bill to the defendant's cross bill, and that he be compelled to answer the same. Whereupon, the defendant demurred, and the court, overruling the demurrer, ordered the defendant to answer within ninety days, from which order this appeal was taken.

Notwithstanding the strange departure from well-established rules which the pleadings exhibited in this case, we can, perhaps, decide the point intended to be presented, which is, whether the reversal of the judgment operated as a dismissal of the complainant's bill.

Before deciding this point, however, it will be proper to notice a position taken by the complainant's counsel, insisting that this is a demurrer to an answer, which is unknown in chancery practice.

If the fact were as insisted by counsel, the argument could not for a moment be resisted.

But the complainant has himself elected, to make his answer a cross bill to the cross bill, and the court below has not only so regarded it, but has actually required the defendant to answer it within a specified time, and he was either compelled to obey this order or to prosecute his appeal. It is certainly true that the answer cannot under any view perform the office of a cross bill, for the reason, that the complainant could only bring the matter, if at all, alleged in the answer, before the court, by an amended or supplemental bill, and not by a cross bill to a cross bill, which was designed merely to present an additional ground of defence to the original bill, and not designed for relief touching any matter not embraced in said bill.

It is also said that this is not a decree for which an appeal could

be taken. The 3d section of the Act of 1844, Hutch. Code, p. 781, covers every case in which a demurrer is filed, and is overruled by the chancellor or vice-chancellor. Besides, the Statute of 1822, allowing appeals from interlocutory decrees, would cover the case, if by the appeal the merits of the controversy could be settled. Code, p. 759. And this brings us to the question for decision, whether, after the reversal of the judgment, there was really any longer a case in court.

If this is to be regarded as a creditor's bill, the question would at once seem to be settled, for the reason that when the judgment was destroyed, all proceedings either at law or in equity would share the fate of the judgment itself. Suppose an execution had been levied, the reversal would inevitably put an end to the process. The sheriff could not proceed further, for the obvious reason, that there would be no judgment to which he could apply the money when collected. The execution would fall with the judgment. The same rule must apply to a proceeding in equity to enforce a judgment. The bill is but a substitute for an execution, and designed to accomplish the same object, to wit, a satisfaction of a subsisting judgment, and if, pending the controversy, the judgment is vacated, proceedings in equity would not be regarded more favorably than process at law would be, to enforce it. If this is not the correct rule, then the reversal of the judgment would have the effect of continuing the bill, until the complainant could try his experiment at law in recovering another judgment, which could certainly never be regarded as a safe rule of practice.

But it may be said that this is not a creditor's bill, but that its object is merely to set off to the amount due upon the note, what Brown owes William Ezell. The answer to this position is, that the set-off must be between the same parties. Brown is the complainant's creditor and owes him nothing, and consequently no question as to set-off can arise between the parties. It may be true that Brown owes Ezell, and that he owes the complainant the judgment named. But the complainant cannot, therefore, say to Brown, that he must take in payment of his debt so much of the debt owing to him, the complainant, by Ezell, and that the latter shall have credit accordingly. All this might be accomplished under a creditor's bill to subject equitable assets, or by garnishment at law,

but it cannot be made the subject of offset, for the reason that it does not arise out of transactions between the creditor and debtor.

We are therefore of opinion that the bill must be regarded, as it evidently was by complainant's counsel, as a creditor's bill, and that it was virtually disposed of by the reversal of the judgment sought to be enforced. As there was no judgment in the court below, upon the pleadings presenting this point, we can render none here.

In regard to all the other matters, it is sufficient to say that they are not embraced in the appeal, and are therefore not noticed.

The main point presented by the appeal is, whether the defendant shall be required to answer the complainant's cross bill, and this point we decide: the original bill being disposed of, the complainant cannot claim relief by his cross bill to the defendant's cross bill or bill of review, whatever it may be termed.

We therefore reverse the decree of the chancellor requiring the defendant to answer said cross bill, and remand the cause.