# OCTOBER TERM, 1871.

KIMBALL, RAYMOND & CO. v. ALCORN & FISHER et al.

1. CHANCERY — APPEAL — POWER TO GRANT SUPERSEDEAS — CASE IN JUDG-
MENT. — Injunction was dissolved on motion, and appeal prayed and granted,
but not to operate as a supersedeas of the order of dissolution. On the same
day the complainants set the case for final hearing, on which the bill was dis-
missed, and complainants prayed and obtained from the chancellor, in open
court, an order for an appeal to the supreme court, upon giving bonds, etc., to
operate as a supersedeas of the order of dissolution: *Held*, that the superse-
deas was properly granted, and a motion to discharge it was denied.
2. SAME — INTERLOCUTORY DECREES — CHANCELLOR'S POWER OVER. — The
chancellor has jurisdiction over all interlocutory decrees, to recall, modify or
vacate, according to the changing phases and exigencies of the litigation, until
termination by final decree.
3. SAME — SAME — APPEAL FROM FINAL DECREE DISMISSING INJUNCTION BILL.
— A suspensive appeal from a final decree dismissing an injunction bill sus-
pends the dissolution of the injunction.
4. SAME — POWER OF THIS COURT TO DISCHARGE SUPERSEDEAS. — If the
chancellor permits a supersedeas where the statute does not warrant it, this
court will not hesitate to discharge it.

APPEAL from chancery court of Hinds county, 1st dis-
trict. CABANISS, Chancellor.

This is a contest between appellants and Alcorn & Fisher,
as to who is public printer. Appellants, claiming to be
public printer, filed their bill in the chancery court of Hinds
county, 1st district, enjoining appellees, Alcorn & Fisher,
from doing the public printing, and the other defendants
from furnishing them the matter to print.

On motion of defendants, in term time, the injunction was
dissolved, and an appeal was prayed from the order of disso-
lution and allowed, but "not to operate as a supersedeas."
Finding that the appeal from the order of dissolution of the

injunction was not to operate as a supersedeas, complainants immediately brought the case to final hearing, and the bill was dismissed, and from this decree an appeal was prayed to this court and granted by this court, "to operate to suspend the order of this court dissolving the injunctions aforesaid, upon complainants entering into bond in the sum of $50,000, with two or more sureties, to be approved by this court and conditioned according to law."

The case was brought to this court and appellees entered a motion here "to discharge the supersedeas granted on appeal herein, and to limit the operation and effect of said supersedeas" on the grounds following, viz. :

1. Said suspensive order was improvidently granted and the chancery court had no power to make it.

2. After final decree dismissing the bill, the chancery court had no power to modify or suspend its previous interlocutory orders dissolving the injunction, especially as said court had refused to grant a supersedeas from the order of dissolution.

3. Said appeal is from the final decree made upon a submission of the cause by appellants upon bill and answer at the same term at which the answer was filed, and said answer denies the whole equity of said bill, and said appeal is frivolous, and for delay.

4. Said appeal is from said final decree, and such appeal does not bring up for revision here said interlocutory orders dissolving said injunctions for want of equity on the face of said bills.

5. Said appeal is from said final decree, and upon such appeal no supersedeas can be allowed, except of the final decree itself. Upon such an appeal, said interlocutory orders could not be suspended.

6. Said appeal is from the final decree dismissing said bills, and said supersedeas does not extend to nor suspend the operation and conclusive effect of said final decree. Said final decree being thus left in full force, and now oper-

ative as a final disposition of the cause, said chancery court had no power, by subsequent order, to suspend said interlocutory orders, and said suspensive order is inoperative and null.

Injunctions cannot be thus continued, after the cause is by final decree unsuspended, dismissed from court.

*George L. Potter*, for the motion.

*W. P. Harris* and *W. & J. R. Yerger*, contra.

SIMRALL, J. :

The title of the complainants (the appellants) to the relief sought by their bill is in no wise presented for consideration on this motion, nor do the questions of error or no error, in the decrees dissolving the injunctions and dismissing the bills, arise. On motions like this, we would not entertain these propositions and we so informed counsel at the opening of the argument. We have looked at no other subject than the power of the chancery court to grant appeals, and by supersedeas to stay proceedings pending appeals, with a view to determine whether its power has been exceeded in any particular, and what, if any, control this court has over its action, either by virtue of its visionary jurisdiction, or by virtue of inherent right, as a necessary incident to its appellate functions. It may tend to elucidate the scope and extent of the power of the chancery court to stay proceedings, pending appeal, to refer to the early practice in England. The jurisdiction of the house of lords over appeals from the court of chancery was, for a time, hotly contested by the house of commons, and many eminent common-law judges. The lords, during this struggle, resorted to stringent rules and measures, to assert its authority. Among others, they prohibited appellees from taking any steps in the cause pending the appeal. It was held that the filing of the appeal suspended further proceedings in the chancery court. Until about 1772, such was the practice. About that time Lord Apley declared that the appeal should have

no greater effect than to suspend action, as to the matter appealed from. The house of lords, appreciating the practical advantages of this modification in expediting causes, acquiesced in it. Palmer's H. of L. Pr. 9. Such being the state of the law at the date of the separation of the colonies from political connection with the parent country, the rule introduced by Lord Apley obtained in New York and the other states, and remained in force until changed by legislation, which is very similar to our statute. The right of appeal originally extended to all interlocutory orders, except, perhaps, such as were matter of course and purely discretionary, as well as to final decrees. With us it has been regulated by statute; the terms and limitations are stated in Nesbit v. Rodewald, 43 Miss. 304. If the appeal be from an interlocutory order, nothing is brought into review, except the particular order, and this court must confine itself to the papers and the state of the record before the chancellor at the time he pronounced it.

If appeal is not taken to an interlocutory decree (as the dissolution of an injunction within the time prescribed), but is prosecuted from the final decree dismissing the bill, what is the extent of the revisory power of this court? What are the questions propounded here? Primarily and mainly was the decree right in point of law, and to determine that the court must look to the pleadings, the proof, and the general tenor of the record. Have the complainants established their title to the relief claimed? Have the defense obviated and avoided the demand made upon them? As the answer shall be from the whole case, certified to this court, so will its judgment be. Orders may be made in the progress of the cause, which could have no influence on the final decree, such as a restraining order, looking, pending the litigation, to the safety and preservation of property, the subject of the suit. Here the real question is the right of the contestants to the thing, whether, under the circumstances, an injunction or a receiver was necessary, may not form an element of the issue, with whom does the

title reside? If, however, the final decree connects itself with a prior interlocutory order, or depends upon it, so that the judgment upon the former is an approval or disapproval of the latter, then such interlocutory order is so blended into the final decree, or so gives it shape, as that it is open to review. Thus in Jacques v. Methodist E. Church, 17 Johns. 559, it was declared, "An appeal from the final decree opens for consideration all prior interlocutory orders, any way connected with the merits of the final decree. In Price v. Nesbit, 1 Hill (S. C.) 459, the rule was stated in broader terms, and was acted upon in the amplest manner. In 2 Iowa, 20, it is laid down, that as the appellate tribunal has cognizance to review the case, both on the facts and law, it should pronounce such decree as should have been entered in the first instance, consistent with the case made by the bill and sustained by the proof. Such we conceive to be the rule, and the practice in this state.

The injunction in this case was dissolved for want of equity on the face of the bill. That was substantially a decision, adverse to the claim and pretensions of the complainants as made in the bill. The dismissal of the bill would necessarily follow on the final hearing. Such decree is a repetition of the preceding order, as well as a termination of the suit. The dismissal of an injunction bill on final hearing is a determination that the party was not entitled to an injunction. Eden. Injunc. 103 ; 16 Barb. 325 ; 4 Bibb, 221. The court of chancery claimed, and often exerted the jurisdiction, to suspend the execution and operation of decrees pending an appeal, when there is danger of the object of the appeal being defeated, before it can be heard, so when there is danger of irreparable mischief. 2 Dan. Ch. Pr. 1548. Applications of this sort lie very much in the discretion of the chancery court. 1 Bland. 15 ; 3 Johns. Ch. 66 ; ib. 123, 160.

If the cause has been transferred to the appellate tribunal, so that the chancellor has no further jurisdiction over

it, it has been maintained by very respectable authority, that from necessity, in order to insure ultimate justice, power inherent exists in the court of revision to stay proceedings in emergent cases. Doughty v. S. & E. R. R. Co., 3 Halst. 630 ; 20 Wend. 590.

The chancellor has jurisdiction over all interlocutory decrees ; to recall, modify or vacate, according to the changing phases and exigencies of the litigation, until terminated by final decree. Josselyn, State Com., v. Pattison, 43 Miss. We might, therefore, act in respect to the proceedings had upon the injunction, reading the several parts of the record on this point together. We put this interpretation upon it. If the litigation was to be protracted after the injunction was displaced, he declined to suspend the order of dissolution. Urgent reasons, doubtless, suggested themselves why there should be a speedy decision of the matters in controversy.

But when that decision was had on the same day on submission for final hearing, he so shaped the decree as to make it in terms suspensive of the dissolution order, lest there might be some doubt or question whether a supersedeas of the final decree would have that effect.

It would hardly be questioned that, if there had been no motion to dissolve the injunction, but it had remained in force until final decree, that the dismissal of the bill would, in effect, have dissolved the writ, and that a suspension appeal from that decree would have suspended the order of dissolution. That the appeal may have that effect, notwithstanding the preliminary dissolution on motion, the court declares, in terms, as part of the final order.

Power is confided to the chancery court and judge in vacation to grant appeals. In certain classes of cases he may supersede or not, according to a sound discretion. If he permitted a supersedeas, when the statute did not warrant it, we should not hesitate to discharge it; such was the practice of our predecessors. But when the supersedeas is allowed by the law on compliance with conditions, or is

referred to the discretion of the chancellor, there must be a gross and palpable. violation of discretion, before this court would interfere, if indeed it should interfere at all.

While this court realizes the importance to the public as well as the litigants before it, of a speedy determination of the matter in controversy, it can take counsel from no other considerations, submit its judgment to no other arguments, than to endeavor to apprehend and correctly apply the principles of law arising on the case presented.

Let the motion be denied.