## DAVENPORT *et al.* v. PRINCE.

*(Circuit Court, E. D. New York. January 13, 1890.)*

PARTIES—JOINDER—CONVERSION OF TRUST FUND.

Under Code Civil Proc. N. Y. § 446, providing that all persons having an interest in the subject of the action may be joined as plaintiffs, and section 1204, providing that judgment may be given for or against one or more plaintiffs, and for or against one or more defendants, and that such judgment may determine the ultimate rights of the parties on the same side, as between themselves, persons having separate interests in a trust fund may join in an action against the trustee for its loss or conversion.

At Law. On demurrer to complaint.
*Benj. Estes,* for plaintiffs.
*John S. Davenport,* for defendant.

LACOMBE, J.    Plaintiffs' grandfather, Abraham Cargill, created a testamentary trust of $5,000, the income of which was payable to Sarah C. Davenport, plaintiffs' mother; the fund at her death to belong to her children.    Defendant's father was the executor and trustee under the Cargill will, and held the said fund.    Subsequently, and upon his death, the defendant himself became and acted as the trustee of the fund.    Sarah C. Davenport died March 1, 1877, leaving three children, viz., these two plaintiffs and Charles E. Davenport, each of whom thereby became entitled to one-third of said fund.    Charles E. Davenport has since died.    The complaint alleges that "defendant was guilty of carelessness and negligence in and about the management, investment, and collection of the fund and of the income, whereby the plaintiffs have wholly lost their interests and shares, as well as interest from March 1st, 1877." For their two-thirds of this fund, with interest from said March 1, 1877, plaintiffs demand judgment.

This is an action at law, (*Roberts* v. *Ely*, 113 N. Y. 128, 20 N. E. Rep. 606,) and the question raised by the demurrer must be settled in conformity to the state practice.    The grounds of demurrer are, that causes of action have been improperly joined, and that there is a misjoinder of parties plaintiff.    Practically, these grounds are merely alternative statements of the same objection, namely, that, inasmuch as each plaintiff has a separate cause of action for the loss or conversion of his or her individual share, they may not join as plaintiffs in a single action.    The Code of Civil Procedure, however, provides that all persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs.    Section 446.    It further provides that judgment may be given for or against one or more plaintiffs, and for or against one or more defendants, and that such judgment may determine the ultimate rights of the parties on the same side, as between themselves.    Section 1204.    The effect of these provisions seems to be that those who have several interests in a common fund may join in an action at law affecting that fund.    *Loomis* v. *Brown*, 16 Barb. 325; *Brett* v. *Society*, 5 Hun, 149, affirmed, 64 N. Y. 651; Bliss, Code Pl. §§ 74–76.

The demurrer is overruled with leave to answer.