## SUMMERS *et als. v.* FARISH *et als.*

The sixth ground of demurrer, as specified in section forty of the Practice Act, "that the complaint does not state facts sufficient to constitute a cause of action," is confined to those cases in which no cause of action at all, as against the defendants, arises from the complaint.

An injunction-bond, though given to all the obligees by name, and using no words directly expressing a several obligation, yet necessarily creates a several liability—the design of it being to secure each and all of the obligees from damage or injury.

Whatever the rule may be under the old system, under our system the right of action is in the party sustaining the injury; for on a recovery, the other party, if entitled to receive the money at all, and if judgment were had in the name of both, would hold it by right of, and as trustee for, the other; and our Practice Act, for convenience, has given the right to sue, to the party beneficially entitled to the fruits of the action.

A demurrer to a complaint, on the ground "that the complaint does not state facts sufficient to constitute a cause of action," and which then specifies that the complaint shows no joint cause of action in the plaintiff, and that it prays for a judgment in favor of three plaintiffs for an injury done to one, is a good demurrer for misjoinder of parties.

Where the defendants demurred to a complaint for a misjoinder of parties plaintiff, and the Court overruled the demurrer, and the plaintiffs then moved to amend the complaint by striking out the names of the plaintiffs thus alleged to be improperly joined, and the defendants resisted successfully such motion: *Held,* that such action on the part of defendants was a waiver of the objection of misjoinder raised by their demurrer.

No particular form is necessary for a writ of injunction; the substantial thing is an authentic notification to the defendants, of the mandate of the Judge, which they must then, at their peril, obey.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

A statement of the facts appears in the opinion of the Court.

*Heydenfeldt* for Appellants.

The demurrer should have been sustained, because the action is not upon a bond, and the declaration fails to aver that the defendants ever executed a bond. The complaint, therefore, did not contain facts sufficient to constitute a cause of action. Sterling *v.* Hanson, 1 Cal., 478.

If it be claimed to treat the suit as an action on the case, then the declaration fails to aver malice, or want of probable cause, and is consequently insufficient. Chew *v.* Thompson, 4 Halst., 249.

This action is in the name of all three obligees, and there is no averment that it was made for the special benefit of one alone, or that their respective interests were totally dissimilar. It is treated as a joint contract. The most that the plaintiffs could claim is, that by reason of the subject-matter the bond was either joint or several, and that they had a right to adopt one or the other form. But having elected to treat it as joint, they

must be held to all the consequences of a joint contract. So this Court decided in the case of Stearns v. Aguirre, 7 Cal., 443.

The case of Eisenbant v. Slaymaker, 14 S. & R., 153, proves nothing, and is not germane to this case.

The case of Blakey v. Blakey, 2 Dana, 461, cited by respondent, does not maintain his position; there, the stipulation was, "to have the slave forthcoming to abide the decree of the Court." This was, therefore, stipulating to perform the decree in whosoever's favor it might be, and consequently to be jointly or severally liable, as the case might be, when the decree was rendered.

And so it was held, when the decree was rendered, establishing severalty rights, the obligors must take notice of the rights of each, by virtue of the stipulation, and one could not release so as to affect the rights of the others.

It also appears, in that case, that although the action was brought in the name of the two obligors, yet it was expressed in the pleadings to be for the use of one only, and the Court say, expressly: "The case is very different from that of one of two joint obligees undertaking to release a debt or duty actually due to both."

Here, by the terms of the contract, the duty was jointly to the three plaintiffs; they were all enjoined, and it is their fault if they submitted to let their several rights become so commingled in one contract as to become inseparable, and thus defeat all. Under a proper application, the Court would have required that at least the form of the condition of the bond should have protected them severally. It is equally certain that the defendants who are sureties, and always a favored class of suitors, have the right to hold the plaintiffs to the letter of their contract. Miller v. Stewart, 9 Wheat., 680; U. S. v. Kirkpatrick, 9 Wheat., 720; Evans v. Wythe, 5 Bing., 485; Russell v. Perkins, 1 Mason, 368.

*Vanclief and Stewart* for Respondents.

1. If it had been necessary, or even allowable, to join all the obligees on the bond as plaintiffs, when only one of them had sustained damage, then the demurrer was not well taken, and should have been overruled.

2. If, on the other hand, it was not proper in such case to join all the obligors, then the real objection to the complaint was a misjoinder of plaintiffs, which was not made by the demurrer. If defendants intended to take advantage of the misjoinder, they should have demurred for that reason; since, if it was a misjoinder, it clearly appeared from the complaint. And inasmuch as they did not assign the misjoinder as a cause of demurrer, they waived the objection, and can not now take advantage of it. Prac. Act, § 44, 45, and 71; Warren v. Wilson, 4 Cal., 310, and numerous other California authorities.

Summers *v.* Farish.

3. But assuming that the demurrer raised the question of misjoinder, (which we do not admit,) the defendants can not insist on it here, for the reason that after the demurrer was overruled and the answer put in, plaintiffs moved the Court for leave to amend their complaint, by striking out the names of all the parties plaintiff, except that of Summers, and this motion was opposed by defendants, and overruled by the Court. This ruling of the Court is not assigned as error, nor could it be so assigned by defendants, they having opposed the motion, and failed to make any exception to the ruling of the Court.

4. The objection of misjoinder is strictly and solely technical, since the error complained of does not affect any substantial right. Should this Court reverse the judgment, for the reason that there was a misjoinder of plaintiffs, the only result must be, that plaintiffs would amend the complaint by striking out the unnecessary parties, leaving Summers the sole plaintiff, and then recovering precisely the same judgment here sought to be reversed, viz., a judgment in favor of Summers alone.

The complaint, as it now stands, shows a cause of action in favor of Summers alone, and he alone has judgment.

This Court has uniformly refused to reverse a judgment when it was apparent that the same judgment would be rendered on a new trial.

To the third assignment of error, we answer that the injunction-order was regular.

The writ, as served, recited both the order of the injunction, and the fact that a bond had been given in pursuance of the order.

This was sufficient to give the defendants in the Court below notice of the injunction, and they were bound by it. Where the parties to be joined are in Court when the order of injunction is made, or have actual notice of the order, they will be guilty of a contempt if they disobey it. 1 Wat. Eden on Injunc., pp. 93 and 94, and note; Elliott *v.* Osborne, 1 Cal., 396.

And even when the injunction, as served, does not disclose the subject-matter of the injunction, except by reference to the bill, still if defendants know, by any means, what is the subject-matter, they are bound to obey, and this, too, where there was no equity in the bill, provided only that the Court has jurisdiction. Sullivan *v.* Judah, 4 Paige, 444.

The respondent having obeyed the injunction, and sustained damage thereby, the appellants can not object to a recovery on the ground of any irregulatity in the issuing of the writ. The objection must extend to the order, and show that it was a nullity.

BALDWIN, J., delivered the opinion of the Court—TERRY, C., J., concurring.

This was a suit brought by Summers, Stephens, and Hazeltine, against Farish, Glazier, and Hackstacter.   The action is founded on an injunction-bond, executed by defendants below, one of them as principal, and the other two as sureties.   This bond was executed to procure an injunction in pursuance of the order of the Judge of the Fourteenth District, in a proceeding before him. The condition of the bond is that Crafts and Farish should pay to the obligees all such damages as they might sustain by reason of the injunction, provided that the Court should finally decide that plaintiffs were not entitled to it.   The injunction restrained the defendants from intermeddling with or disposing of a certain stock of goods, etc., an interest in which was charged to be in Stephens, one of the alleged partners of the other defendants; and which interest it was the object of the proceeding of Crafts and Farish to subject to their judgment against Stephens.   The breach is alleged to be the order of the Court dissolving the injunction; and the damages averred are the injury resulting to Summers, in consequence of the injunction, by interruption of business, depreciation of property, payment of counsel fees in defending the injunction-suit, and the like.   The defendants demurred to the complaint upon the general ground that it did not state facts sufficient to constitute a cause of action; but the demurrer proceeds to specify wherein the complaint is defective, and gives, as such grounds, the fact that the only damage shown, and the only cause of action, (if any,) accrued to Summers alone, *i. e.*, that the complaint shows no joint cause of action in the plaintiffs; and that the complaint prays a judgment in favor of the three plaintiffs for an injury done to one.   This demurrer was overruled; and this ruling is assigned for error.   Technically speaking, perhaps this exception should more properly have been as for a misjoinder of parties; for though the facts may not show a cause of action in favor of all the plaintiffs, yet we are inclined to think that the statute meant to confine the sixth general ground of demurrer in the fortieth section of the Practice Act to those cases in which no cause of action at all, as against the defendants, arises from the complaint; since otherwise it would follow, that in every case in which a misjoinder of parties appeared upon the face of the pleading, the party need not demur for the fourth ground in the fortieth section, but might take the more general objection allowed by the sixth, which was designed to reach the substance of the complaint, and not merely the form of the statement.   But it is somewhat doubtful whether, taking the whole demurrer together, it is not, though informally stated, an exception for the misjoinder of parties; the substance of it being that the plaintiff is not entitled to recover, because he has sued jointly with two others, when he alone has a cause of action.   The other and further ground that, in order to maintain this action, a joint or common injury must be shown to

have been to all the plaintiffs to entitle either or all of them to a recovery—goes to the entire cause of action.

But it is not deemed necessary to decide these questions of practice, as we shall place our decision upon other grounds.

There is much nicety in the various decisions as to the mode in which an action of this sort should be brought, under the old system. The authorities, if consistent, go upon very thin distinctions. In our opinion, the bond in this case, though given to all the obligees by name, and using no words directly expressing a several obligation, yet necessarily creates a several liability—the design of it being to secure each and all of the obligees from damage or injury. The one hundred and fifteenth section of the Practice Act seems to contemplate but one undertaking on granting an injunction. The practice, we believe, has been to require only one, though several defendants be enjoined. This is certainly the most convenient method for both plaintiff and defendant; but it would operate very harshly, and, in many cases, amount to no security at all, if recoveries could only be had for a joint injury, and to the extent of the joint damage. The mode of construction in such cases is not to look merely at the language of the instrument, but to the statutes under which the instrument is given; though it is by no means clear that the words themselves do not raise this obligation. In the States governed by the common law rules of pleading, which require that the suit be brought by the party with whom the contract is made, or in whom the legal title is, although that party be a naked trustee for the holder, there may be some diversity of opinion as to the proper form of the action—though upon such an instrument as this, we apprehend there would be none as to the right of recovering in the name of all the obligees for the individual injury sustained. Thus, in Alabama, in the case of Boyd and Walk *v.* Martin and Bolling, (10 Ala., 700,) which was a suit on an attachment-bond executed to two obligees, defendants in the writ; the suit was brought by both, and the breach laid, the levy upon the property of one. No doubt is expressed as to the right of recovery; but the only question on demurrer was as to the parties plaintiff. The Supreme Court held the suit was properly brought in the name of both the obligees. The question was purely technical, to wit: With whom was the contract made?— the obligation being technically to both to pay whatever damage might be sustained by either—though we apprehend there could be no doubt that, when recovered, the money made would go to the party who sustained the injury. Whatever the rule may be under the old system, we think that, under our system, the right of action is in the party sustaining the injury; for, on a recovery, the other party, if entitled to receive the money at all, if judgment were had in the name of both, would hold it by right of, and as trustee for, the other; and our Practice Act, for

convenience, has given the right to sue to the party beneficially entitled to the fruits of the action. The defendants' demurrer, then, construing it as a demurrer for a misjoinder of parties, was well taken; but the effect of it, it seems to us, was obviated by subsequent proceedings. After the demurrer was overruled, and while the case was *in fieri*, the plaintiff Summers moved to amend his complaint by striking out the names of his co-obligees; this motion was resisted by the defendants, and, at their instance, denied by the Court. The effect of sustaining the demurrer for this defect, would have been to cause the plaintiff to amend by striking out the names of his associates. This he would have been authorized to do. But this is what he offered to do, and if done, it would have been equivalent to the confession of the demurrer. The defendants can not object to a pleading as it stands, when they refused to permit it to be amended to suit their own views of the law.

The principles held are decisive of the question of the release, by Stephens, of his right of action. The Courts of Law, for many years, while requiring suits on bonds, etc., not endorsed, to be brought in the name of the payee, though really owned by another, yet take notice of the rights of the assignee, and will not permit a release of the payee to be set up by the maker or obligor, when procured with a knowledge of the facts. In this case, Stephens knew he held no beneficial interest in the suit, as did also the defendant. He could not release the damages due to Summers.

A third assignment of error rests upon these facts: After procuring the order for the injunction, the bond was executed " in order that an injunction might issue." The clerk issued a paper in this form:

"*State of California, County of Sierra, ss.*—The People of the State of California to H. B. Summers, B. C. Stephens, and —— Hazeltine, greeting: Whereas, an order has been made by the Hon. Niles Searles, District Judge of the Fourteenth Judicial District Court, in and for Sierra county, and State of California, enjoining and restraining you and each of you, as well as your servants, employees, and all other persons, acting by, through, or under you, from taking or exercising any control, management, or possession of any of the goods, wares, merchandise, books of account, moneys, credits, or other property or effects whatever, of the said partnership of Summers & Co., from collecting any and all debts, dues, and demands, owing to said partnership, by any person or persons whomsoever, or in any other manner whatever, with said partnership property and business:

"Now, therefore, the plaintiffs having filed their bond as required, you and each of you, as well as your agents, and all other

persons, are hereby commanded to obey this writ, under the pains and penalties of the law.

"Given under my hand and the seal of the District Court of Sierra county, California, this twenty-first day of August, A. D. 1856.

[L. S.]                          "ALFRED HELM, Clerk, D. C."

This paper was afterwards served on the defendants. It is urged that this paper is not a writ of injunction; that some of the defendants in this suit are sureties, and are entitled to stand on the precise terms of their contract; and only contracted to pay damages to arise in this precise mode. The bond speaks of the issuance of an injunction. No particular form, that we are aware of, is requisite to such a writ; the substantial thing is an authentic notification to the defendants of the mandate of the Judge, which they must then, at their peril, obey. This notification is made by the clerk, in the usual form which is adopted to certify his official acts. The paper commences and ends as a writ—it informs the defendants of the order of the Judge, and cautions them to obey "this writ," the body of which is made up of this order. It answered every purpose of a formal writ, and created every obligation on the defendants, and gave all the benefits of such process to the plaintiffs. We cannot see why it is not, in every substantial quality, a good and valid writ of injunction.

Another assignment is predicated of some agreement before made for the keeping of these goods, etc. We do not think it necessary to go into that matter, as it is only a circumstance in reduction of damages, to be weighed with the other proof, as to the injury done the respondent; and which was passed on by the District Court. The counsel fee of $500 was paid by Summers for services in defending the injunction; and $200, the balance of the judgment, probably could not be thought excessive, for other damages almost necessarily resulting in the interruption of his business—as to which and other damages there was some proof—which we do not think it necessary to review.

The error in entering the judgment in favor of Summers alone, is not to the prejudice of the appellants, if, indeed, it were erroneous under the facts.

The judgment below is affirmed.

[Field, J., having been consulted as counsel in the Court below, did not sit in the case.]