### Thomas McMahon vs. K. R. Webb.

1. **Suit by Husband and Wife:** *Non-joinder. Injunction bond.*
   Where a bond is made payable to three persons an action by one of the obligees cannot be supported by proof of the bond, and this rule cannot be escaped by a declaration setting forth special circumstances to show that the other obligees had no interest in it. The suit should be brought by all the obligees, or in the name of all for the use of one.

2. **Pleading:** *Variance.*
   A judgment caused by a variance will not bar another suit properly brought.

Error to the Circuit Court of *Lincoln* County.

Hon. J. M. Smiley, Judge.

The original declaration was filed on the injunction bond by Thomas McMahon and Kate, his wife, and Henry O'Hara, all obligees in the bond. The defendants pleaded *nil debit*. By leave of court an amended declaration was filed in the name of Kate McMahon, joined by Thomas, her husband, for formality, leaving out Henry O'Hara, and setting forth that O'Hara has no interest in the bond, and stating the circumstances showing that he has no interest. To this defendants pleaded *non damnificatus*.

The defendants then moved to strike the declaration from the files, which motion was overruled.

The judgment was for defendants. A motion for a new trial was made and overruled. On the trial the plaintiffs offered to read the injunction bond, and to prove all the facts in the declaration, but the court ruled out the bond, and refused to admit it as evidence, or the proof offered of the facts alleged

in the declaration, and plaintiff excepted, and brought the case to this court on writ of error.

It is assigned for error:

1. The court erred in refusing to admit the bond sued on in evidence, and also the testimony offered.

2. The court erred in judgment overruling plaintiff's motion for a new trial.

*Chrisman & Thompson,* for plaintiff in error:

The only question presented is whether an obligee can defeat his coöbligees, who have an interest, by refusing to join in the suit on the instrument. As a *general rule* persons having a joint *legal interest* must join in the suit, but the rule has its exceptions. 1 Chit., § 64, and cases cited.

A partner colluding, and refusing to bring suit, cannot defeat a suit by the other partners. 1 Chit., §§ 9, 10. The case put in the latter section, wherein it is held that, though the covenant be *joint*, if the interest is several, they may sue separately, would seem to be decisive on this question.

[The reporters find no brief for defendant in error.]

Chalmers, J., delivered the opinion of the court.

The amended declaration was in the name of Kate McMahon, with whom was joined her husband, for conformity, upon an injunction bond jointly made to the said wife and husband and one O'Hara.

The declaration undertook to account for the non-joinder of O'Hara as a plaintiff by setting forth special circumstances to show that he had no interest. On the trial the bond was ruled out, because payable to three and sued on by but one.

There was judgment for defendants. The error assigned is the exclusion of the bond as testimony. There was no error in this. An action by one obligee cannot be supported by the proof of a bond payable jointly to three, nor is it admissible to escape this rule by the mode of declaring here adopted. The suit should have been by all the obligees, or in the name of all for the use of one. O'Hara could not refuse or prevent the use of his name. 1 Chit. Pl., §§ 8, 9, 10.

The judgment here, caused by a variance, will not bar a. suit properly brought hereafter.

Affirmed.