## McLEOD v. SCOTT ET AL.

1. PLEADING AND PRACTICE: *Parties—Misjoinder.*

In an action on a bond executed to two or more obligees for the payment of such sum as should be recovered in a pending suit in equity against the obligors, the obligees should be joined as plaintiffs, although the decree in that suit had adjudged to each of them separate sums; and this (under the code) though one of the plaintiffs be the personal representative of a deceased obligee.

2. BONDS: *Statutory—Common Law.*

Though a bond given in the course of judicial proceedings may not be authorized by Statute, it will be good as a common law bond, if founded upon sufficient consideration and not opposed to any principle of public policy.

Generally any bond entered into voluntarily and for a valid consideration, is good at common law if not repugnant to the letter or policy of the law.

3. PLEADING AND PRACTICE: *In actions on conditional bonds.*

In an action upon a bond given for the payment of such sum as should be recovered in a specified suit it is not necessary to aver or prove that an execution had issued against the obligor for the amount recovered in that suit and returned *nulla bona.*

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Clendenning & Sandels*, for appellants:

There was a misjoinder of plaintiffs.   They had two demands, separate, distinct, definitely ascertained and reduced to judgment.   All community of interest and connection of plaintiffs was severed by the decree, and by the judgment. *Bliss on Code Pleading*, secs. 61, 67 ; *Taylor, Landlord and Tenant*, sec. 116.

*W. A. Compton*, for appellee :

1.   Complaint properly amended.   *Gantt's Digest*, 4616.

2.  Plaintiffs properly joined.  *Ib. secs.* 4475 *and* 4477.

3.  Not necessary to prosecute Pearce to insolvency.

*Thomas Marcum* and *Du Val & Cravens* for appellee.

1.  Plaintiffs properly joined.  *Gantt's Digest*, 4475 ;
*Bliss Code Plead.*, secs. 62, 63, 76 ; 16 *Barbour*, 325, cited
in *Pomeroy on Leg. Rem.*, sec. 202 ; *Ib. secs.* 221–226.

2.  It was a good common law bond.  *Thompson* v.
*Buchanan*, 7 *Reporter*, 335 ; being entered into voluntarily,
for valid consideration, and not repugnant to the letter or
policy of the law.  See also Note to *Harris* v. *Simpson*, 14
*Am. Decisions*, 101 ;  *Drake on Attachment*, sec. 150, 151 ;
25 *Ark.* 108 ; 8 *Ark.* 345 ; *Bigelow on Estoppel*, 2nd *Ed.*
419 ; 5 *Peters*, 129 ; *U. S.* v. *Bradley*, 10 *Peters*, 361.

3.  No execution against Pearce was necessary,   *Lincoln*
v. *Beebe*, 11 *Ark.* 697.

STATEMENT.

ENGLISH, C. J.   This action was brought thirtieth of June,
1879, in the Circuit Court of Sebastian county, Fort Smith
District, by Thomas H. Scott, and John Paterson, Sr., ad-
ministrator *de bonis non* of William Paterson, deceased,
against H. A. Pierce and Samuel McLoud.

The action was upon the following bond, as set out in the
complaint :

"CIRCUIT COURT OF SEBASTIAN COUNTY,
"FORT SMITH DISTRICT.

" *William Paterson and* ⎱ Plaintiffs.
*Thomas H. Scott,*    ⎰
              VS.
"*H. A. Pierce*, Defendant.

"KNOW ALL MEN BY THESE PRESENTS, That we, H. A.
Pierce, as principal, and Samuel McLoud, as surety, ac-
9–38

McLeod v. Scott et al.

knowledge ourselves to owe, and be indebted unto William Paterson and Thomas H. Scott, plaintiffs in the above entitled cause, in the sum of five hundred dollars ($500) lawful money of the United States; signed with our hands, and sealed with our seals, this the eighteenth day of June, 1873.

"The condition of this obligation is this: That, whereas, the said Thomas H. Scott and William Paterson have commenced an action in said court above named upon the equity side thereof, and that previous to the filing of the defendant's answer therein, obtained from the judge of said court an order in the nature of an injunction, temporarily restraining the said H. A. Pierce from selling or disposing of the newspaper known as the *Arkansas Patriot*, or its press, types, or material; and, whereas, upon notice before the Hon. E. D. Ham, Judge of said court, at Fayetteville, on the third day of June, A. D. 1873, the said Judge by his order then made, did modify said previous order in this, and his said order did provide, that upon the said defendant, H. A. Pierce, giving bond to the said William Paterson and Thomas H. Scott, in the sum of five hundred dollars, to be approved by the clerk of said court, conditioned that the said H. A. Pierce should pay any and all sums that said William Paterson and Thomas H. Scott should recover against him by virtue of their said action, that their said restraining order should be dissolved.

"Now, therefore, if said H. A. Pierce shall pay to the said William Paterson and Thomas H. Scott such sum of money as they shall recover in said action, then the above obligation to be void, otherwise in full force and effect.

"H. A. PIERCE, [SEAL.]
"SAMUEL McLOUD, [SEAL.]"

ENDORSED.—"The within bond approved both as to form and security, and filed this twenty-sixth day of June, A. D. 1873.

"SAMUEL A. WILLIAMS,
"*Circuit Clerk.*"

The complaint as finally amended by permission of the court, further alleged that upon the execution, approval, and filing of said bond, the restraining order mentioned in its conditions was dissolved, &c.

That pending the Chancery suit, and before final decree, William Paterson, one of the complainants therein, died, and John Paterson, duly appointed administrator *de bonis non* of his estate, was substituted as a complainant in his stead.

That upon the final hearing of the cause, the court ascertained upon the master's report, that defendant H. A. Pierce was indebted to complainant Thomas H. Scott in the sum of $817.17, and to John Paterson, as such administrator of William Paterson, in the sum of $450.94, on partnership account, and decreed that they repectively recover of Pierce said sums, with the costs of the suit.

The Chancery decree is set out in the complaint.

Prayer that plaintiffs have judgment for the sum of the bond sued on, &c.,

Defendants, after motion overruled to strike out the amended complaint, demurred to it on the grounds that it did not set forth facts sufficient to constitute a cause of action, and that there was a misjoinder of plaintiff's.

The demurrer was overruled, and defendant, McLoud, filed a separate answer with three paragraphs, in substance:

1. *Nul tiel* record as to the alleged decree in Chancery.

2. That the bond sued on was of no binding effect as to this defendant, because executed without authority of law.

3. That no execution was issued against Pierce, the principal in the bond, nor any demand made upon him for the amount recovered by plaintiffs against him in the decree.

Plaintiffs demurred to the 2d and 3d paragraphs of the answer, and on hearing of the demurrer, they were permit-

ted further to amend their complaint, by alleging that an execution was regularly issued against Pierce on the decree, and returned no property found, and the demurrer was then overruled.

The cause was submitted to the court, and plaintiffs read in evidence against the objection of the defendants, the Chancery decree, and an execution issued thereon against Pierce, and returned no property found, and the bond sued on.

The court found the issue for plaintiffs, and rendered judgment in their favor for the amount of the bond, and that plaintiff Scott recover of defendants $320.93, and that plaintiff Paterson, as administrator, &c., recover of defendants $179.07, and that defendants pay the costs,

A new trial was refused, bill of exceptions, and appeal taken by defendant McLoud.


OPINION.

I.   The only point made here, by counsel for appellant, is, that there was a misjoinder of plaintiffs.

1. PLEAD-
ING AND
PRACTICE:
Parties;
Misjoinder

The bond was executed and payable to Thomas H. Scott and William Paterson, plaintiffs in the Chancery suit, jointly, and no doubt they could, and should have joined in a suit upon it, though the decree ascertained and adjudged sums to be paid to them respectively. *Gayle, et al, v. Martin, et al. 3 Ala.*, 593 ; *Newman Plead. and Prac., p.* 111.

By the common law where a bond or note is made payable to two persons, and one of them dies, the right of action survives to the other, and this was not changed by the statute abolishing survivorships in real and personal estates. *Trammell v. Harrell, 4 Ark.*, 602.

But by the code. "All persons having an interest in the

McLeod v. Scott et al.

subject of an action, and in obtaining the relief demanded, may be joined as plaintiff, except where it is otherwise provided." *Gantt's Dig.*, sec. 4,475.

Here the decree ascertained and adjudged the respective sums to be paid by Pierce to the surviving obligee in the bond sued on, and to the administrator of the deceased obligee, and so their interests in the decree were severed, but they were compelled to resort to a suit on the bond to enforce the liability of McLoud, the surety of Pierce. The bond was the subject of the action, and they were both interested in it. See *Loomis et al.*, v. *Brown et al.*, 16 *Barb.*, 325.

MR. POMROY says : The effect of the above code statute was to permit the uniting as plaintiffs of the survivors of joint promises and the personal representatives of those deceased, though by the common law this could not be done in actions at law. *Pomroy on Legal Remedies, &c.*, sec. 197.

II. We have no statute authorizing the giving of such a bond as the one sued on to procure the release of an injunction, but the Chancellor, on the application of Pierce, thought proper to order the release on the execution of such bond. There was a sufficient consideration for it. There is no law which inhibits the taking of such bond, nor is it opposed to any principle of public policy, and must consequently be good as a common law obligation. *Gayle et al.* v. *Martin et al., Sup* 2. BONDS: Statutory; Common Law.

Generally, any bond entered into voluntarily and for a valid consideration, is good at common law, if not repugnant to letter or policy of the law. *Thompson* v. *Buckhannon,* 2 *J. J. Marsh*, 416; *Norton et al.* v. *Miller et al.*, 25 *Ark.*, 108; *Outlaw et al.* v. *Yell, use &c.*, 8 *Ib.*, 352.

III. It was not necessary to allege or prove that an execution was issued against Pierce on the decree, and returned *nulla bona*, before suit on the bond. *Lincoln* v. *Bebee surv.*, 11 *Ark.*, 697. 3. PLEADING AND PRACTICE: In actions on conditional bonds.

There is nothing further in the case. There was no abuse of the discretion of the court in permitting amendments of the complaint.

Affirmed.