## Morgan Burns et al.
## v.
## George A. Follansbee et al.

1. Action upon penal bond—Damages.—Where several parties are named as obligees or covenantees in a penal bond for the performance of covenants, and the covenants run to them jointly, and there is nothing appearing upon the face of the bond to show that the interests of such obligees or covenantees are several, in an action upon the bond all the obligees must join as plaintiffs, and there can be no recovery, except for damages in which all such obligees are interested.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed June 23, 1886.

This was an action of debt brought by George A. Follansbee and ten others, as joint obligees, against Burns and Taylor, as obligors, in an injunction bond dated May 27, 1884, in the penal sum of five hundred dollars, conditioned for the performance of covenants. The condition so far as material was as follows :

"Now, therefore, the condition of this obligation is such that if the above bounden Morgan Burns and John P. Taylor, their executors or administrators, or any of them, shall and do well and truly pay or cause to be paid to said above mentioned obligees, their executors, administrators or assigns, all damages which may be sustained by the said defendants by reason of the wrongful issuing of said injunction, and also all such costs and damages as shall be awarded against the said complainant Burns, in case the said injunction shall be dissolved, then the above obligation to be void," etc.

The breach assigned is that the plaintiffs, said obligees, were obliged to and did pay out and expend divers sums of money in and about employing counsel, etc., to the amount of five hundred dollars, in defending said suit and obtaining the dissolution of said injunction, which was dissolved by the court,

and no part of which expenses, etc., had been paid by the defendants.

The pleas were *non est factum*, *nil debet* and a traverse of the breach.

On the trial the plaintiffs gave no evidence tending to show that any of the plaintiffs had actually paid, laid out or expended any money toward the defense, or on account of said injunction suit, except as to four of said plaintiffs who had contributed the sum of $18.33 each, for the purpose. As respects the others of said plaintiffs, there was no evidence tending to show that either of them had expended any money or incurred any legal liability to pay any, on account of said injunction suit, or to prove that they or either of them was in any way or manner damnified by reason of said injunction or said suit.

The court, at the instance of plaintiffs' counsel, gave to the jury this instruction:

" The jury are instructed that if they believe from the evidence that a part of the plaintiffs have not paid any part of the expenses incurred as damages suffered by the plaintiffs by reason of the wrongful issuing of the injunction, if they believe from the evidence that the proper court has decided such issuing to have been wrongful, but that part of said plaintiffs have paid such expenses, then the plaintiffs are entitled to recover in this action such damages as you may believe from the evidence they have suffered."

The jury found for plaintiffs, debt $500, and damages $201.50, for which judgment passed, and defendants prosecute this appeal.

Messrs. McClellan & Cummins, for appellants; cited Rees v. Peltzer, 1 Bradwell, 315; Ovington v. Smith, 78 Ill. 250; Jevne v. Osgood, 57 Ill. 340; Alexander v. Colcord, 85 Ill. 323.

Mr. Henry V. Freeman and Mr. Thomas A. Banning, for appellees.

McAllister, J.   Where several parties are named as obli-

gees or covenantees in a penal bond for the performance of covenants, and the covenants run to them jointly, and there is nothing appearing upon the face of the bond to show that the interests of such obligees or covenantees are several, then the law is inflexible that in an action upon the bond all the obligees must join as plaintiffs, and there can be no recovery, except for damages in which all such obligees were interested. Damages sustained by a part only of such obligees are not recoverable in that action.   Bradburne v. Botfield, 14 Mees. & Welsb. 559; Farni v. Tesson, 1 Black. 309; Ovington v. Smith, 78 Ill. 250; Safford v. Miller, 59 Ill. 205; Rees v. Peltzer, 1 Bradwell, 315.

The covenants in the bond sued on are joint with all the obligees, and nothing appears on its face to show that the interests of the obligees were several.

The evidence failed to show a joint interest of all the obligees and plaintiffs in the damages sought to be recovered,

The instruction for plaintiffs directing a recovery for damages, in which a part only of the plaintiffs were interested, was clearly erroneous.   We think also that the court erred in excluding evidence offered by defendants below, which would have tended to show that the counsel for whose fees the recovery was sought, were not, in fact, employed by the obligees in the bond, and had no right to look to them for their pay.

The judgment will be reversed and the cause remanded.

                                        Judgment reversed.