MONTANA MINING CO., Respondent, *v.* ST. LOUIS MINING & MILLING CO. et al., Appellants.

[Submitted March 1, 1897.   Decided March 22, 1897.]

*Injunction Bond—Parties—Pleading—Jurisdiction.*

Action on Injunction Bond.—In an action for debt on an injunction bond all of the obligees are necessary parties to the action, the bond being as to them joint and not several.

Same.—The fact that some of the obligees had no interest in the subject of the suit in which the injunction was granted, does not change the rule.

Same.—In such an action, it is not necessary to allege a demand upon and refusal to pay by the principal.

Same—*Jurisdiction of State Court.*—A state court has jurisdiction of an action on an injunction bond given in a suit brought in a federal court.

*Appeal from   District Court, Lewis and Clarke County. H. N. Blake, Judge.*

Action by the Montana Mining Company, Limited, against the St. Louis Mining & Milling Company of Montana and others.   From a judgment for plaintiff entered on an order overruling a demurrer to the complaint, defendants appeal. Reversed.

Statement of the case by the justice delivering the opinion.

This was an action in debt brought by the Montana Mining Company, Limited, as obligee, against the St. Louis Mining & Milling Company of Montana, E. W. Knight and T. H. Kleinschmidt, defendants, as obligors, in an injunction bond dated September 19, 1893, in the penal sum of $1,000, conditioned for the performance of covenants.   The covenant was as follows :

"Now, therefore, we, the undersigned, resident freeholders of the state of Montana, do undertake and promise to the effect that the plaintiff herein will pay to the said defendants so enjoined and restrained as aforesaid such damages, not exceeding one thousand dollars ($1,000), as such parties

may sustain by reason of the injunction, if the court do finally determine that the plaintiff was not entitled thereto."

The complaint alleges that on September 16, 1893, in an action brought by the defendant the St. Louis Mining & Milling Company of Montana, against this plaintiff, Bayliss, Burrill, Warren, Harvey, Francis, Jewell and Hawkins, the restraining order was duly issued, and on the 20th day of September, 1893, was served upon plaintiff and upon the co-defendants of plaintiff in said action, enjoining them from doing certain mining work upon certain mining claims in the county of Lewis and Clarke, Montana; that upon the issuance of said restraining order the defendant St. Louis Mining & Milling Company made its bond, as required by the restraining order, for the sum of $1,000, with conditions heretofore recited; that thereafter, on October 3, 1893, the restraining order was set aside in the circuit court of the United States, and it was adjudged that the defendant St. Louis Mining & Milling Company was not entitled to the same, and thereafter the said cause was dismissed in the circuit court and final judgment entered therein. The breach alleged is that plaintiff obligee was obliged to stop work, and was injured and damaged by loss of time and expense necessarily incurred in obtaining a dissolution of said restraining order, and paid out large sums for counsel fees and other expenses. The plaintiff then pleads that the other persons who were named as co-defendants in the action brought by the St. Louis Mining & Milling Company were employees of plaintiff at the time of the issuance and service of said restraining order upon them, and that they did not suffer any damage in consequence of the service upon them of said restraining order, but that all of the damages accruing resulted to this plaintiff, the Montana Mining Company, Limited.

To this complaint the defendants demurred, upon the principal ground that there was a non-joinder of parties defendant; that all the parties to the bond in suit should be made parties to this action; that the bond and the liability of the sureties are subject to the equitable jurisdiction and discretion of the United States court, which cannot be curtailed or administered

in the courts of the state; that there is no breach of conditions of the bond alleged; that the complaint shows that the bond was executed in a suit in equity in the United States circuit court, and that the judgment and discretion of that court have never been exercised so as to fix any liability under said bond upon the parties thereto; and that the facts stated do not constitute a cause of action. The district court overruled defendants' demurrer, and entered judgment that the Montana Mining Company, Limited, have and recover from the defendants, the St. Louis Mining & Milling Company, Knight and Kleinschmidt, the sum of $1,000, with interest and costs. The defendants appeal from the judgment.

*W. W. Dixon, McConnell, Clayberg & Gunn* and *Toole & Wallace,* for Appellants.

*Cullen, Day & Cullen,* for Respondent.

HUNT, J.—By far the most important point raised by defendants' demurrer is that there is a defect of parties plaintiff, or nonjoinder of parties defendant, to the suit. The contention of the learned counsel for appellants is that all parties to the bond should be made parties to this action. The principal point for decision, therefore, is, were the obligees in the bond necessary parties plaintiff or defendant? We think they were, and that the district court erred in holding otherwise. Respondent concedes the common-law rule to be that, if the demand or cause of action be joint, all the parties, if alive, must join in bringing the action, which should properly be in their names, and not in the name of the company or firm, where it is a company or firm that has the cause of action. (*Armstrong* v. *Robinson,* 5 Gill & J. 412.) This rule, as applied to an action upon the obligation involved herein, requires all the obligees to join in the suit as plaintiffs, and renders the complaint bad on demurrer. "It must be observed," said Le Grand, C. J., in *Wallis* v. *Dilley,* 7 Md. 237, which was an action of debt upon an injunction bond, by the obligees against the obligors, "that the cause of action here is joint,

and that, if all the plaintiffs had not united, the declaration would have been subject to demurrer.   The obligation is for the payment of one sum to three parties, and they were properly joined as parties." In *Farni* v. *Tesson*, 1 Black. (U. S.) 309, the bond on which action was brought was a joint undertaking by four persons to pay five others jointly the sum of $17,-000.   Two of the obligees were plaintiffs in a judgment which was enjoined, two others were agents or trustees for them, and the fifth was the sheriff who had the execution enjoined.  Farni, as the surviving partner of a firm, brought action on the bond in his own name; omitting as plaintiffs three other obligees to whom the bond had been given, and making only two of the four obligors who executed it defendants.   To avoid the objection of nonjoinder of the other obligees, plaintiff, Farni, averred that he was the only one interested in the judgment enjoined; that one of the obligees was the sheriff who held the execution enjoined, and the other obligees were the agents or trustees of Tesson.   The court, through Grier, J., held that inasmuch as plaintiff sued on a several covenant to pay a sum of money to A, and showed a covenant to pay to A, B and C jointly, he could not recover, and that if, by the condition of the bond, the money to be recovered be not for the joint benefit of all, the suggestion of that fact could not alter the obligation, but would show only that, though all parties to it should join in the suit, thus showing a legal title to recover, the judgment would be for the use of the parties named in the condition and equitably entitled to the money.   It cannot be successfully contended that the covenant by the obligors Kleinschmidt and Knight is a several one, to pay any particular part of the whole obligation to any one or more of the obligees.   If, as obligors, they covenanted to pay the Montana Company, Limited, $500, and to each one of the other obligees, say, one-seventh of $500, doubtless each obligee might sue alone on his several covenant.   But the rule laid down by the supreme court of the United States is that stated by Baron Parke, that : "A covenant may be construed to be joint or several according to the interests of the parties appearing upon

the face of the obligation, if the words are capable of such a construction; but it will not be construed to be several by reason of the several interests, if it be expressly joint.'' Here the covenant of the Montana Company, Limited, and the other obligees is joint on the face of the bond, and there can be no other construction. (*Pearce* v. *Hitchcock*, 2 N. Y. 388.)

The next suggestion of respondent's counsel, however, is that, if all the obligees named in the bond were joined as plaintiffs, there would be a misjoinder of parties plaintiff, unless the complaint showed that all had an interest in the property upon which the injunction operated. This is not correct, for, on the face of the bond, they are all interested as obligees therein, and all are alike enjoined and restrained. No other construction of the bond, on its face, is permissible. (*Farni* v. *Tesson, supra.*) The obligees' interest was therefore plain, by the bond itself, and presumably all were interested. (Pomeroy on Code Remedies, § 185; Bliss on Code Pl., § 61.) But, say counsel, the Code provision that the suit shall be brought in the name of the real party in interest has changed the common-law rule, and any party shown to have no interest in a recovery sought would be improperly joined. This is true; but, considering what we have said, is the argument correctly invoked in this instance? The action should be brought in the name of the real party in interest, but as the bond, on its face, declared them to be the real parties in interest, in order to ascertain the truth of the matter alleged, that one obligee alone was damaged, it was necessary to join all the obligees as plaintiffs, or make them defendants. The contract was a written one, made with all the obligees. Their legal interest was joint, and, unless some of the exceptions in the statutes applied to excuse their all joining as parties, they must have joined as plaintiffs or have been made defendants. ''Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint,'' etc. (Code of Civil Procedure,

§ 584.) The interest spoken of by this statute cited, according to Pomeroy on Code Remedies (section 185), "is not the interest which will be had in the sum of money or other benefit promised when the agreement is performed, but the interest in the contract,—the legal, technical interest created by the terms of the very agreement." This last statutory provision is mandatory, and must not be confounded with section 580, which permits all persons having an interest in the subject of the action, and in obtaining the relief demanded, to be joined as plaintiffs. (*Loomis* v. *Brown*, 16 Barb. 330.) These several provisions, the books tell us, are drawn from the old equity practice, but are applicable now in all actions. The statute requiring all who are united in interest to be joined as plaintiffs or defendants is imperative, and, according to Bliss on Code Pleading (section 62), the rule embraces the one recognized in common-law pleading, that joint obligees and those who would enforce a joint right must sue jointly, except as the rule may be modified by the further provision (section 584) that one who has a joint right is authorized to make those defendants who are united with him in interest, but who refuse to unite with him in the action, while the statute allowing all persons to join who have an interest in the subject of the action and in obtaining the relief demanded does not make the joinder imperative. Pomeroy (section 197), in discussing the last two statutes referred to, lays it down that they "do not contemplate nor permit a severance among parties plaintiff when the old law requires a joinder," and that the changes introduced by such provisions rather tend in the opposite direction, by seemingly allowing parties to unite as plaintiffs in many cases where such union was forbidden in legal action. These provisions of our statutes, although enactments of principles established long ago by courts of equity for the regulation of parties plaintiff, are also substantially from the New York codes; where the distinction is clearly recognized between parties who have merely an interest in the subject-matter of the action, and those who are united in interest. "The former may, and the latter must, join as plaintiffs. The former are

proper, the latter necessary parties.'' (Barb. on Parties, page 351; *McKenzie* v. *L' Amoureux*, 11 Barb. 516.) And it is this distinction which the appellants press upon our attention. The obligors may therefore insist upon an adjudication of the rights of all the obligees to the bond, if any rights they all have, and that they be made parties; and by the demurrer, on the grounds stated therein, they may avail themselves of this right.

In *Phillips* v. *Manufacturing Co.*, 88 Ill. 305, which was an action for debt on a bond with conditions, the declaration alleged that the Singer Manufacturing Company was the sole obligee in the bond, whereas the bond showed that Everhard & Harris were joint obligees with that company. It was decided that all the obligees or payees having a legal interest should join in the action upon the instrument. The court says: ''Where a bond, upon its face, denotes the parties to it, the action must be between the parties to it, no matter what may be the terms of the defeasance.'' In *Burns* v. *Follansbee*, 20 Ill. App. 41, suit was brought by Follansbee and 10 others, as joint obligees, against Burns and Taylor, as obligors, in an injunction bond. The pleas of defense were *non est factum*, *nil debet*, and a traverse of breach. It was decided that the several parties named as obligees or covenantees in the bond should join as plaintiffs, if the covenants ran to them jointly, and if there was nothing appearing on the face of the bond to show that the interest of such obligees or covenantees were several; and furthermore the court held that an obligation like the one in the suit under consideration contained covenants which were joint with all the obligees, and that nothing appeared on the face of the bond to show that the interests of the obligees were several. *Davis* v. *Wannamaker*, 2 Colo. 637, was a suit in debt on a penal bond. It did not appear that the obligors in the bond covenanted to pay any portion of the penalty of $10,000 to the defendant in error, or to any of the obligees named therein. Hallet, C. J., for the court, said that there was a defect of parties plaintiff, since there was no undertaking in the bond to pay defendant in error any portion

of the $10,000; the obligation being to pay that sum to her and 28 others. "Upon such an instrument, it is impossible to say that each of the obligees may maintain a separate action." *McMahon* v. *Webb*, 52 Miss. 424, was also a suit on an injunction bond by three obligees named therein. Upon an amendment to the declaration one obligee was omitted; the complaint setting forth that he had no interest in the bond, and stating the circumstances showing that he had no interest. It was decided that an action by one obligee could not be supported by the proof of a bond payable jointly to three, nor was it admissible to escape this rule by the mode of declaring here adopted. "This suit should have been by all the obligees," said the court, "or in the name of all for the use of one. O'Hara could not refuse or prevent the use of his name." It will be observed that the principle in this case conforms with that heretofore stated, and supported by other authorities cited. although it would seem, from the opinion of the court, as if there had been no consideration of the power to make an obligee, who should properly have been a plaintiff, a defendant, if he refused to join as a plaintiff. *McLeod* v. *Scott*, 38 Ark. 72, was an action on a bond executed and payable to Scott and Patterson jointly, plaintiffs in a chancery suit where the injunction was issued. It was there held that the obligees in a bond should be joined as plaintiffs, although the decree in the original chancery suit had adjudged to each of them separate sums.

We are cited by respondents to the following cases : *Alexander* v. *Jacoby*, 23 Ohio St. 358; *Fowler* v. *Frisbie*, 37 Cal. 34; *Prader* v. *Purkett*, 13 Cal. 588; *Browner* v. *Davis*, 15 Cal. 9; *Lally* v. *Wise*, 28 Cal. 540, and *Summers* v. *Farish*, 10 Cal. 347. *Alexander* v. *Jacoby*, *supra*, seems to have turned upon the point that the attachment bond sued upon, though in form joint, was yet one where the interests of the obligees were several, inasmuch as it appeared that the attachment was levied on the separate property of but two of the obligees, in which the other not joined had no interest. The attachment, as to them, was discharged. The court, in render-

ing the opinion upon the suit on the bond, considered the statutes relating to attachments, and decided that under the Ohio codes, where the order of attachment was wrongfully obtained as against some of the obligees only, a right of action on the undertaking accrued to those obligees as against whom the order was wrongfully obtained, and that it was not necessary for the obligees against whom the order was rightfully obtained to be joined either as plaintiffs or defendants. The opinion is not in harmony with the text of Pomeroy (section 226), but is cited by that author as contrary thereto. Perhaps the case turned on a special statute of the Ohio codes, but, if not, we are constrained to adopt the views of Mr. Pomeroy, as based upon the better principle. *Fowler* v. *Frisbie, supra,* decided that plaintiffs could maintain a joint action where their interests in the property were not joint and their damages were not joint, and that in such a suit the defendant could show that there was no such joint interest. *Summers* v. *Farish, supra,* decided that only a party injured could maintain an action on the undertaking, as he was the only party in interest, and a suit in the names of both, united as plaintiffs, was improperly brought, under the codes. Whether the co-obligees should be made defendants, to conclude them was not discussed. *Prader* v. *Purkett,* also cited, followed *Summers* v. *Farish.* No point seems to have been made and no discussion had upon the question whether the defendant could insist upon all the obligees being made parties to the action, either as parties plaintiff or defendant. In *Browner* v. *Davis,* and in *Lally* v. *Wise, supra,* the court again, without discussion, followed the former decisions, and did not directly consider the case as appellant presents this one. We observe that in several of the California cases the demurrer was only upon the ground of a defect of parties plaintiff, and perhaps the court did not mean to decide that all the obligees must be made parties when defendant raised the point of a nonjoinder of parties defendant. But, notwithstanding some implied views to the contrary in the decisions cited, we cannot overcome the force of the principle upon which appellant here re-

lies, that if the obligors are only liable to the extent of the penalty of the bond, unless all the obligees are made parties to the suit, so as to conclude them, and unless the defect is pointed out by demurrer, where on the face of the bond the liability may exist, the obligees not made parties would yet have an action against the obligors who would still be liable. Hence the plea of a nonjoinder of parties defendant rests upon reason, which authorizes claims under the bond to be adjudicated in one action, as between all parties to it, to the end that all rights may be determined.

The appellants make the point that the complaint should aver a demand upon the principal, and refusal to pay by him, before this suit was brought, and cite *Pinney* v. *Hershfield*, 1 Mont. 367, to support their contention. What was said in the opinion in that case, to the effect that a demand on the principal debtor in an action on an undertaking on attachment is requisite to found any claim against the guarantor, has been expressly declared to be a dictum, and is contrary to the later decisions of this court applicable to undertakings analogous to the bond before us. (*Nelson* v. *Donovan*, 16 Mont. 85, 40 Pac. 72; *State* v. *Biesman*, 12 Mont. 11, 29 Pac. 534.)

The remaining question to be disposed of is the right of the plaintiff to maintain in the state court an action upon an injunction bond given in an action pending in the federal court. An examination of the federal authorities satisfies us that appellants are in error upon this matter. If we grant, for the sake of the proposition involved only, hat the court of equity in which the original suit was brought had jurisdiction to assess damages on the injunction bond, we still believe that the state court had power to hear and determine this action. (*Coosaw Min. Co.* v. *Farmers' Min. Co.* 51 Fed. 107; *Meyers* v. *Block*, 120 U. S. 206, 7 Sup. Ct. 525.) See also, *Russell* v. *Farley*, 105 U. S. 433. The judgment is reversed and the cause remanded, with directions to the district court to sustain the demurrer upon the ground first discussed in this opinion.

*Reversed and Remanded.*

Buck, J., concurs.    Pemberton, C. J., not sitting.