DASHLEY et al. v. DANIEL.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,074.

1. APPEAL AND ERROR (§ 1244*)—SUPERSEDEAS BOND—ACTION—PARTIES.

Where a supersedeas bond is made to two or more obligees jointly, and there is nothing to show that the interest of the obligees is several, all must join in an action thereon, unless one is dead, when the action must be brought in the name of the survivor or survivors; but if the bond, while joint in form, expresses distinct obligations as to the different obligees, separate actions may be maintained by each.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4797; Dec. Dig. § 1244.*]

2. APPEAL AND ERROR (§ 1244*)—SUPERSEDEAS BOND—SEPARATE OBLIGATIONS —PARTIES PLAINTIFF:

Where a supersedeas bond running to two obligees, while joint in form, created separate obligations as to each of the obligees, and one of them was a nonresident, and could not be found or served with process within the jurisdiction, the other was entitled to sue, without joining such nonresident obligee as a party plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4797; Dec. Dig. § 1244.*]

3. APPEAL AND ERROR (§ 1229*)—SUPERSEDEAS BOND—UNLIQUIDATED DAMAGES—LIABILITY—ACCRUAL.

Where a supersedeas bond provided for a stay of a decree which awarded certain placer claims to one of the obligees and a hotel building

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the other, so that damages accruing thereunder would necessarily be unliquidated, liability on the bond did not accrue until the amount of the damages had been assessed in a proper proceeding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4749; Dec. Dig. § 1229.*]

**4. PLEADING** (§ 407*)—COMPLAINT—FORMAL DEFECTS—WAIVER—SUPERSEDEAS BOND.

In an action on a supersedeas bond, failure of the complaint to allege that the damages sued for had not been paid was a mere formal defect, which was waived by the defendants' failure to demur, and by their going to trial and submitting the case to the jury without raising the objection.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1360; Dec. Dig. § 407.*]

In Error to the District Court, of the United States for the Second Division of the District of Alaska; Cornelius D. Murane, Judge.

Action by Otto Daniel against F. W. Dashley and another. Judgment for plaintiff, and defendants bring error.   Affirmed.

The defendant in error brought an action against the plaintiffs in error on a supersedeas bond given by the latter as sureties to the defendant in error and one Harry Ruhl in the case of Daniel v. Hoogendorn et al., affirmed in this court in Hoogendorn et al. v. Daniel, 178 Fed. 765, 102 C. C. A. 213. In that case the complaint alleged that in September, 1906, two certain mining claims and a building known as the Golden North Hotel, belonging to Fred Ruhl, Henry Ruhl, and Harry Ruhl, were conveyed to Hoogendorn; that two days later he executed to the grantors a written option, reciting that, in consideration of $5 paid, Hoogendorn would reconvey to them the said properties upon payment to him of $3,540 on September 13, 1907, and that the Ruhls were given the right to take possession of the mining claims and prospect and work them for the purpose of determining their value; that on August 24, 1907, the Ruhls conveyed all their right in the option to Daniel, with the agreement that, upon the redemption of the same by Daniel from Hoogendorn, the hotel property should be conveyed to Harry Ruhl; that Daniel made due tender of said sum to Hoogendorn, and demanded of him the conveyance of the properties. The suit was brought to obtain a specific performance of the contract, and the court below decreed that it be specifically performed, and this court affirmed the decree. In that suit Harry Ruhl was made a party defendant, for the reason that he refused to join as plaintiff. He answered the bill, however, admitting the allegations thereof, and he joined in Daniel's demand for relief. The decree of the court was that Hoogendorn execute to Daniel a deed conveying to him the placer mining claims, and a deed to Harry Ruhl conveying to him the Golden North Hotel property, and that each be let into the possession of his property. The present action is brought against the sureties on the supersedeas bond, which was filed in that case on the writ of error to this court, and to recover the damages sustained by Daniel as the result of his being prevented by reason of said bond from working the placer claims. Judgment was rendered in favor of Daniel against the sureties in the sum of $1,163 and the costs in the court below.

F. E. Fuller, of Nome, Alaska, and J. W. Albright, of Seattle, Wash., for plaintiffs in error.

Ira D. Orton and W. T. Dovell, both of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILBERT, Circuit Judge (after stating the facts as above). It is contended that the trial court erred in holding that the defendant in error could maintain the present action without bringing in Harry Ruhl as a party thereto. The amended complaint alleges that Harry Ruhl, the co-obligee in the bond, is absent from the District of Alaska and does not reside therein, "and he is made a defendant herein because his consent cannot be obtained to join with the plaintiff," and the said Harry Ruhl, although one of the parties to whom said supersedeas bond was given, has no interest in the action, "and was not damaged in any way by said judgment being superseded." The Code of Alaska provides (Carter's Annotated Alaska Code, § 39, part 4, p. 151:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined cannot be obtained, he may be made a defendant."

And the following section provides that:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others."

[1] Where a bond is made to two or more obligees jointly, and there is nothing in the instrument itself to show that the interest of such obligees is several, the rule is they must all join as plaintiffs in an action thereon. 5 Cyc. 820, and cases there cited; Farni v. Tesson, 1 Black, 309, 17 L. Ed. 67. If one of the joint obligees be dead, the action must be brought in the name of the survivor or survivors. Farni v. Tesson, supra. But if the bond, while joint in form, expresses distinct obligations as to the different obligees, separate actions may be maintained by each. Sprague v. Wells, 47 Minn. 504, 50 N. W. 535; Atlanta v. Thomas, 60 Fla. 412, 53 South. 510; Cecil v. Laughlin, 4 B. Mon. (Ky.) 30.

[2] In the present case the bond, while joint in form, is nevertheless an instrument which creates separate and distinct obligations as to each of the obligees, for it is a bond to stay a decree which awarded to Daniel certain placer claims and to Ruhl a hotel building. Now the complaint alleges that Ruhl has no interest in the action, and was not damaged in any way by the decree being superseded. But that allegation is denied in the answer, and no evidence whatever was taken to sustain it. To the action as it was commenced Ruhl was not made a party. The plaintiffs in error demurred for defect of parties plaintiff. The demurrer was sustained, and the court directed that Ruhl be joined either as plaintiff or defendant. The amended complaint made him a party defendant, but no service was had upon him. More than a year later the plaintiffs in error moved to dismiss the action for want of prosecution, and on the ground that no process had issued against Ruhl, and that he had not made an appearance. That motion was denied. Again, when the case came on for trial, the plaintiffs in error objected to proceeding, on the ground that no service had been made on Ruhl. When the judgment was rendered, the court ordered that the action be dismissed as to Ruhl, on the ground that

he was a nonresident of Alaska, and the plaintiff in the action had been unable to obtain a service of summons upon him.

The limit of liability on the bond is the sum of $2,500. So far as we are informed by anything in the record, the damages that Ruhl sustained by reason of the stay of the decree were as great as, if not greater than, those which Daniel sustained. If so, it was error to proceed to the trial and to render judgment in favor of Daniel, without taking any proof whatever as to the extent of Ruhl's claim to damages, if any, under the same instrument. But no exception was taken on that ground in the court below, and no instruction thereon was requested, and no assignment of error presents that ground for reversing the judgment. We may assume, therefore, that although the plaintiffs in error made a general denial of the allegation that Ruhl had sustained no damages, and had acquired no cause of action under the bond, it nevertheless assented to the truth of that allegation, and had no meritorious ground for asserting that it was prejudiced by the omission to bring Ruhl into court. No provision appears to be made in the laws of Alaska for service upon a nonresident defendant in a case such as this. If the defendant in error could prove that Ruhl was dead, he would unquestionably have the right to bring the action as the sole surviving obligee. The same result ought to follow, if he can show that Ruhl is a nonresident of Alaska, and cannot be found therein or served with process. The defendant in error ought not to be wholly deprived of his right of action by the fact that his co-obligee, who takes no interest in the cause of action, absents himself from the jurisdictional territory of the court, and cannot be found or served.

The complaint contained no allegation that the damages sued for had not been paid. After the verdict was returned, and after the court had denied the motion of plaintiffs in error for judgment notwithstanding the verdict, the defendant in error was permitted to amend his complaint and add the allegation that no part of the damages had "been paid by Hoogendorn or any other person." At the same time the court allowed the plaintiffs in error three days in which to answer said amendment, with the understanding that they would be granted a new trial in the event they denied the amendment. No denial was made. The plaintiffs in error now contend that the court erred in permitting the amendment, and they point to the statute (section 92 of the Alaska Code of Civil Procedure), which provides that the court at any time before trial may allow any pleading to be amended by adding a material allegation, and may also permit such amendment at any time before the cause is submitted, when the amendment does not substantially change the cause of action or defense "by conforming the pleading or proceeding to the facts proved." It has been held in several cases that, in assigning the breaches of a supersedeas bond, the pleader must allege that the judgment which had been stayed by the bond had not been paid. Some of these decisions are based upon express provisions of local codes, and they are all cases in which the amount due

on the bond is fixed or computable. In other cases it is held that such an allegation is not necessary. In Way v. Swift, 12 Vt. 395, the court said:

"It is further objected that it is not alleged that the judgment, the recognizance, the intervening damages, or additional costs remain unpaid. In 1 Chitty, Pl. 356, it is laid down that this allegation is unnecessary. See, also, Hancocke v. Prowd, 1 Saund. 330, note 4. If the judgment did not remain unsatisfied, it was matter of defense, and the defendant might have averred it in his plea."

In all such cases, the principal breach to be assigned is the failure of the appealing party to reverse the judgment. In Higgins v. Parker, 48 Ill. 445, it was said:

"It was only necessary to aver, in assigning breaches of the bond, that he, the plaintiff, had been deprived of the possession during the pendency of the appeal."

In Doe v. Daniels, 6 Blackf. 8, the court held that a sufficient breach was assigned in the allegation that:

"Harris did not prosecute his suit with effect, but, on the contrary, the judgment of the circuit court was affirmed by the Supreme Court."

In Stanley v. Montgomery, 102 Ind. 102, 26 N. E. 213, a case in which the damages for breach of the bond were liquidated, the court recognized the rule that in a suit on a contract for the payment of money it must be alleged that the money is due and unpaid, but held it was sufficiently alleged in these words:

"Whereby an action hath accrued to the plaintiff against the defendant to recover said sum of $1,500, for which he demands judgment."

The court said:

"Such an allegation in such a case is equivalent to an averment that the $1,500 is due."

[3] The liability to pay damages under such a bond as is here sued upon does not accrue until the amount of the damages has been assessed in a proper proceeding. That is a feature in which the present case differs from those which are cited by the plaintiffs in error. By all the principles of pleading this case comes within the general rule that, in an action for unliquidated damages, it is not necessary to aver that the damages, which have not been assessed, and therefore are not yet due, have not been paid. In McLaughlin v. Hutchins, 3 Ark. 207, the court recognized the common-law right of the plaintiff to bring either an action of debt to recover the penalty of a bond or an action of covenant to recover damages for the loss which he had sustained, and held that in the latter action it was unnecessary to allege that the penalty had not been paid. The same was held in Hughes v. Holton, 5 Blackf. (Ind.) 180. In Montana Min. Co. v. St. Louis Min. & Mill. Co., 19 Mont. 313, 48 Pac. 305, in an action to recover damages against sureties on an injunction bond, the court, Judge Hunt writing the opinion, held that no allegation of demand and refusal to pay was necessary.

[4] But we need not decide in this case whether the complaint would have been held deficient upon a demurrer for want of the allegation of nonpayment, for, in view of the authorities, we are of the opinion that the defect, if any there was, was a formal one, and that it was waived by the failure of the plaintiffs in error to demur or object, and by their going to trial and submitting the case to the jury, without raising the objection. The very fact that they were called into court to answer to a demand for the payment of the damages·was notice to them that the defendant in error claimed that the damages had not been paid, and by their failure to deny the amended allegation they admitted that they had not been paid.

It is contended that the trial court erred in the admission of incompetent evidence of damages, and in instructing the jury thereon. The questions so raised are the same that are discussed and disposed of in the case of Hoogendorn v. Daniel, infra, decided at the present term of this court.

The judgment is affirmed.